UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. JAMEL WALKER, et al.,<br><br>                Plaintiffs,<br>v.<br><br>JEANNE WOODFORD, et al.,<br><br>                Defendants. | Civil No. 05cv1705 LAB (NLS)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Civil Local Rule 16.1(e)(8), Early Neutral Evaluation Conferences are not set in Section 1983 prisoner cases. In addition, under Federal Rule of Civil Procedure 26(a)(1)(E)(iii), actions brought without counsel by an incarcerated individual are exempt from Federal Rule of Civil Procedure 26(f). Accordingly,

**IT IS HEREBY ORDERED:**

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be *filed* on or before ***November 30, 2007***.

2. The parties shall designate their respective experts in writing by ***February 1, 2008***. The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is <u>not</u> limited to retained experts. The date for exchange of rebuttal experts shall be on or before ***February 15, 2008***. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and

trial testimony.

3. On or before *April 1, 2008*, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c)on or before *April 15, 2008*.

5. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

6. All discovery, including experts, shall be completed by all parties on or before *June 2, 2008*.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  <u>Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a)</u>.  All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

7. All other pretrial motions must be filed on or before *July 3, 2008*.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

8. A *telephonic* Mandatory Settlement Conference shall be conducted on *September 29, 2008* at *2:00 p.m.* in the chambers of Magistrate Judge Nita L. Stormes.  *Defense counsel shall make arrangements for incarcerated parties to appear telephonically*.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than

*September 22, 2008*.  **All parties are ordered to read and to fully comply with the attached SETTLEMENT CONFERENCE PROCEDURES.**

9.  The requirement to file a Memorandum of Contentions of Fact and Law by Local Rule 16.1(f)(2) is *waived*.

10.  Counsel and unrepresented parties shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before *October 13, 2008*.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11.  Counsel and unrepresented parties shall meet and take the action required by Local Rule 16.1(f)(4) on or before *October 20, 2008*.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12.  The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before *October 27, 2008*, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6).

13.  The final Pretrial Conference is scheduled on the calendar of Judge Burns on *November 3, 2008* at *11:15 a.m*.

14.  A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15.  The dates and times set forth in this order will not be modified except for good cause shown.

16.  Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

17.  Briefs or memoranda in support of or in opposition to any pending motion shall not

exceed twenty-five (25) pages in length without leave of a district court judge.  No reply memorandum shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED**.

DATED: November 1, 2007

Hon. Nita L. Stormes
U.S. Magistrate Judge

**CHAMBERS OF MAGISTRATE JUDGE NITA L. STORMES**

**SETTLEMENT CONFERENCE PROCEDURES**

**ATTENDANCE:** All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**SETTLEMENT CONFERENCE BRIEFS**: All parties are required to lodge a **confidential** settlement brief **three court days** prior to the Settlement Conference. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.

\* \* \* \*
**IN ADDITION TO THE ABOVE INFORMATION, EACH BRIEF
SHALL SET FORTH AT A MINIMUM, THE FOLLOWING
"REQUIRED" CONFIDENTIAL INFORMATION:**

\* \* \* \*

(1)   A brief analysis of the key issues involved in the litigation;
(2)   A description of the strongest and weakest legal and factual points in the party's case;
(3)   A description of the strongest and weakest legal and factual points in the opponent's case;
(4)   The status of any settlement negotiations, including the last settlement proposal made by each party; and
(5)   The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail or email the **original only** of settlement briefs directly to chambers. FAX briefs will not be accepted. Briefs must be **received in chambers** no later than **three (3) court days** before the Settlement Conference. *Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court*. Briefs submitted by email should be sent to efile_stormes@casd.uscourts.gov, and briefs submitted by mail should be sent to:

Honorable Nita L. Stormes
United States Magistrate Judge
U.S. Courthouse
940 Front Street, Room 1118
San Diego, California 92101-8921