1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    K. JAMEL WALKER and DALE R. HURD,              CASE NO. 05cv1705-LAB (NLS)

12                                    Plaintiffs,    **ORDER ADOPTING REPORT
                                                     AND RECOMMENDATION; AND**
              vs.
13                                                   **ORDER TO SHOW CAUSE RE:
                                                     DISMISSAL OF DEFENDANT**
14    JEANNE S. WOODFORD, et al.,                    **BOURLAND**

15                                    Defendants.

16        Plaintiff moved for leave to file a Third Amended Complaint ("TAC") adding Mark Bourland

17    as a Defendant.  On January 18, 2008, Magistrate Judge Nita Stormes issued her report and

18    recommendation (the "R&R") recommending that Plaintiff's motion be denied as moot because

19    Bourland was already a Defendant, and also recommending that Plaintiff be required to show cause

20    why Defendant Bourland should not be dismissed because of Plaintiff's failure to serve and failure to

21    prosecute.  The R&R required the parties to file their objections no later than January 28, and their

22    replies to objections no later than February 6.  No objections were received.

23        A district judge "may accept, reject, or modify the recommended decision, receive further

24    evidence, or recommit the matter to the magistrate judge with instructions" on a dispositive matter

25    prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R.

26    Civ. P. 72(b); *see also* 28 U.S.C. §636(b)(1).  A party objecting to the recommended disposition of

27    the matter may "serve and file specific objections to the proposed findings and recommendations," and

28    "a party may respond to another party's objections."  Rule 72(b).  "[T]he court shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise.") The court also reviews *de novo* the magistrate judge's conclusions of law. *Gates v. Gomez*, 60 F.3d 525, 530 (9th Cir. 1995).

The Court has reviewed the R&R and finds it correct as to Plaintiff's failure to serve. It does not appear Defendant Bourland has ever been served with process, waived service, or appeared in this case.[1] Civil Local Rule 41.1 does not, however, provide for dismissal of an individual defendant where the action has been ongoing as to other Defendants. The R&R is therefore **ADOPTED IN PART**. Plaintiff will be required to show cause for failure to serve, but not for failure to prosecute.

Under Fed. R. Civ. P. 4(m), if a defendant is not served within 120 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant unless the plaintiff shows good cause for failure to serve. Plaintiff is therefore **ORDERED TO SHOW CAUSE** why Defendant Bourland should not be dismissed because of Plaintiff's failure to serve him with process. Plaintiff may do so by filing a memorandum of points and authorities, no longer than five pages (not counting any appended or lodged materials), no later than 15 calendar days from the date this order is issued. If Plaintiff files a response, Defendants may file a reply subject to the same length restrictions, no later than five calendar days after Plaintiff's response is entered in the docket. **If Plaintiff fails to show cause as ordered within the time permitted, Defendant Bourland will be dismissed as a party.**

**IT IS SO ORDERED**.

DATED: February 11, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Although several earlier reports and recommendations and rulings on Defendants' motions to dismiss earlier versions of the complaint mention Defendant Bourland, the motions were brought by Defendants Woodford and Ryan, and not by Bourland.