UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. JAMEL WALKER, et al.,<br><br>　　　　　Plaintiffs,<br>v.<br>JEANNE WOODFORD, et al.,<br><br>　　　　　Defendants. | Civil No. 05cv1705 LAB (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT EXPERT WITNESS**<br><br>[Doc. No. 90] |

California prisoner K. Jamel Walker (Plaintiff) brought this pro se civil rights suit challenging the prison's use of 24-hour fluorescent lighting in its cells, a practice he alleges deprived him of adequate sleep. Plaintiff now moves for an order appointing an expert witness under Federal Rules of Evidence 702 and 706 to help the Court understand the evidence and/or facts at issue in this matter.

Plaintiff argues expert testimony will be required to determine whether Defendants were deliberately indifferent to his constitutional rights and medical needs and whether Defendants' treatment of Plaintiff fell below the community standard of care of similar professionals. Plaintiff says that due to the fact he is incarcerated, he has not been able to communicate with any potential expert qualified to testify to these issues.

It appears that Plaintiff seeks to appoint two expert witnesses; one to testify to Plaintiff's exposure to constant illumination, and another to testify to the medical doctor Defendants' standard of care. Having considered all the arguments submitted for and in opposition to this motion, the Court **DENIES** Plaintiff's motion to appoint an expert witness.

**Legal Standard.**

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), overruled on other grounds by *Helling v. McKinney*, 502 U.S. 903 (1991). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue...." *Levi v. Dir. of Corr.*, 2006 U.S. Dist. LEXIS 18795, *2 (E.D.Cal. 2006) (citation omitted).

The in forma pauperis (IFP) statute, 28 U.S.C. § 1915, does not waive the requirement of the payment of fees or expenses for witnesses in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Trimble v. City of Phoenix Police Dept.*, 2006 U.S. Dist. LEXIS 13061, *6 (D. Ariz. 2006) (citation omitted).

**Appointment of Experts.**

In his request to appoint an expert, Plaintiff argues that an expert's testimony is needed to explain that "exposing inmates to constant illumination serve[s] no legitimate penological interest." Mem. Ps&As, p.2, ll.24-25. To prevail on his Eighth Amendment claim regarding exposure to constant illumination, Plaintiff must show that the constant illumination serves no penological interest because it causes psychological and/or physiological harm. *LeMaire v. Maass*, 745 F. Supp. 626 (D. Or. 1990), vacated by *LeMaire v. Maass*, 12 F.3d 1444 (9th Cir. 1993). Here, Defendants have already appointed an expert to "testify as to the physical, mental, emotional, and psychological effects constant illumination has on individuals, and their ability to sleep in constant illumination." Defs. Opp'n, Ex. A, p.2. They have also designated two experts to testify as to Plaintiff's physical, mental, emotional and psychological conditions, the conditions alleged in the Complaint, and the conditions Plaintiff was exposed to while at Calipatria State Prison.

The Court **DENIES** Plaintiff's motion to appoint an expert witness to testify regarding exposure to constant illumination because Defendants have already appointed experts on this subject and the Court cannot subsidize Plaintiff's litigation costs by appointing an expert to help only him.

1  To prevail on his Eighth Amendment claim for deliberate indifference, Plaintiff must show that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1983). Deliberate indifference has a subjective component because it requires the court to "consider the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *Levi*, 2006 U.S. Dist. LEXIS at 3 (citation omitted). In the context of such a claim, "the question of whether the prison officials displayed deliberate indifference to [Plaintiff's] serious medical needs [does] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment." *Id.* Courts have declined to appoint an expert under such circumstances. *Id.* Therefore, Plaintiff's request for appointment of a medical expert witness is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 24, 2008

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge